## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**FABIAN LOZOYA,**

      **Plaintiff,**

    **vs.**                                              **Civ. No. 14-000167  JCH/GBW**

**NEW MEXICO CORRECTIONS DEPARTMENT;**
**RENEE WASKIEWICZ, individually and in her**
**capacity as an officer and employee of the New**
**Mexico Corrections Department,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Defendants' Motion To Dismiss*.  [Docs. 13-14]
Plaintiff filed a response [Doc. 15], and Defendants filed a reply [Doc. 16].  Having reviewed the
motion, briefs, and relevant law, the Court concludes that Defendants' motion should be granted.
The First Amended Complaint[1] ("FAC") will be dismissed with prejudice.

## BACKGROUND

On December 11, 2012, Plaintiff filed his original complaint in the Third Judicial District
Court of New Mexico, asserting two claims against the New Mexico Corrections Department
("NMCD"):  Count I—Deprivation of Civil Rights under § 1983 for violation of the Fourth,
Fifth, Sixth, Eighth, and Fourteenth Amendments; and Count II—False Imprisonment.  [Doc. 1-
3]  Pursuant to a state court order, Plaintiff was permitted to file his First Amended Complaint[1]

---

[1] "Plaintiff's First Amended Complaint for Deprivation of Civil Rights (42 USC § 1983) and False Imprisonment"
[Doc. 1-2] (referred to herein as "FAC").  The spelling of this case caption has been corrected from "Waskiewcz" to
"Waskiewicz."

("FAC") in state court on January 14, 2014.  [Doc. 1-2]  The FAC adds a defendant:  Renee Waskiewicz, in her individual and official capacities.

The FAC alleges that on May 27, 2010, Plaintiff was arrested for violation of his probation[2] imposed in a state criminal case, Cause No. D-307-2008-0052.  [Doc. 1-2]  Plaintiff alleges that on July 7, 2010, he was sentenced to thirty days of incarceration, which he began serving at the Lea County Correctional Facility in Hobbs.  Plaintiff alleges that, instead of being released on August 6, 2010, he was not released until February 24, 2011; on February 10, 2011, Plaintiff's attorney had informed NMCD of the alleged over-detention.  The FAC alleges that Plaintiff's over-detention amounted to two hundred and two days.

The FAC alleges that on August 2, 2010, Defendant Waskiewicz told an unnamed NMCD employee "that she knew that Fabian Lozoya had received a recommendation for a 30 day sentence for the May parole violation, but that it had somehow been modified to a permanent revocation."  [Doc. 1-2, p. 3]  The FAC further alleges that Defendant Waskiewicz "instructed the employee described in paragraph 10 not to tell anyone about the improper recommendation and to tell Plaintiff's family that nothing could be done."  [Doc. 1-2, p. 3 (apparently referring to ¶ 12 of the FAC, rather than ¶ 10)]

## DISCUSSION

### I.  Removal to this Court

On February 21, 2014, Defendant Waskiewicz filed a Notice of Removal to this Court, alleging that she first became aware of the FAC on January 22, 2014.  [Doc. 1, p. 2]  *See* 28 U.S.C. § 1446(b)(1) (requiring notice of removal to be filed within 30 days after "receipt by the defendant, through service or otherwise, of a copy of the initial pleading").  Since the FAC was the first pleading filed against Defendant Waskiewicz, she had thirty days "after receipt by or

---

[2] Another part of the FAC inconsistently refers to this as a parole violation.  [Doc. 1-2, p. 3, ¶ 12]

service on" her to file a notice of removal.  *See* 28 U.S.C. § 1446(b)(2)(B).  The FAC does not certify that it was served on Defendant Waskiewicz.   On February 24, 2014, Defendant Waskiewicz filed a waiver of service of the FAC.  [Doc. 3]  The Notice of Removal alleges that Defendant Waskiewicz was not served with the FAC or a summons; Plaintiff did not dispute this allegation.  *Cf. Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1183-84 (10th Cir. 2014) (putting burden on plaintiff to establish date of service when challenging timeliness of removal).  The Court concludes that Waskiewicz's notice of removal was not untimely; her thirty-day period never started to run because she was never properly served.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-48 (1999) (holding that receipt of courtesy copy of complaint was not sufficient to trigger running of 30-day period under § 1446(b); "formal process" was required and phrase "or otherwise" in § 1446(b)(1) did not allow informal notification); *Jenkins v. MTGLQ Investors*, 218 Fed. Appx. 719, 724 (10th Cir. 2007) (unpublished)[3] (holding 30-day period never started to run until proper formal service was effected).

When removal is based on § 1441(a), joinder in or consent to removal is required from "all defendants who have been properly joined and served."  28 U.S.C. § 1446(b)(2)(A); § 1446(b)(2)(C) (allowing an earlier-served defendant to consent to removal by a later-served defendant, even though the former did not previously remove the case).  The FAC does not certify that it was served on Defendant NMCD.  Plaintiff did not dispute the allegations in the Notice of Removal that Defendant NMCD had not yet been served with the FAC.  [Doc. 1, p. 2]  Defendant NMCD did not consent to removal until February 24, 2014—three days after removal. [Doc. 4 (additionally waiving service of the FAC)]  If Plaintiff wanted to argue that the Notice of

---

[3]The Court cites this and other unpublished opinions for their persuasive value.  *See* 10th Cir. R. 32.1(A).

Removal was defective because Defendant NMCD's consent was filed three days later, Plaintiff would have been required to first establish that Defendant NMCD was properly served before the Notice of Removal was filed.  *See Knight*, 749 F.3d at 1183-84 (placing burden on plaintiff to establish date of service when objecting that removal was improper because all defendants did not join in or consent to removal).  The "clear statutory language" requires "only *served* defendants to consent to removal."  *Sheldon v. Khanal*, 502 Fed. Appx. 765, 770 (10th Cir. 2012) (unpublished) (rejecting argument that removal was improper for lack of consent by a defendant who had not been properly served by the time of removal).

No violation of the time limits of § 1446(b) is apparent on the record before the Court, because neither Defendant was properly served with the FAC.  And even if there were any defect in removal procedure, Plaintiff waived it by not raising it within thirty days after the Notice of Removal was filed.  *See Sheldon*, 502 Fed. Appx. at 770.  "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  28 U.S.C. § 1447(c).  The Court concludes that the case has been properly removed to this Court.

## II.  Claims Dismissed by Stipulation

Defendants argue that many claims should be dismissed.  [Doc. 14]  In the response, Plaintiff agreed to dismissal of some, but not all, of these claims.  [Doc. 15]

Under Count I, Plaintiff asserted § 1983 claims for damages against NMCD for violation of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.  [Doc. 1-2]  Plaintiff concedes that Count I should be dismissed as to Defendant NMCD, an agency of the State of New Mexico. [Doc. 15, p. 2]  *See Will v. Mich. Dep't of State Police*, 491 U.S. 48, 71 (1989) (holding that a state is not a "person" suable for damages under § 1983); *Ross v. Bd. of Regents*, 599 F.3d 1114,

1117 (10th Cir. 2010) (holding that neither a state nor an arm of the state is subject to § 1983 suit for damages).  Plaintiff also concedes that Count II should be dismissed against NMCD.  [Doc. 15, p. 5]  *See* NMSA 1978, § 41-4-4(A) (2001) (granting immunity from tort liability).

Under Count I, Plaintiff asserted § 1983 claims for damages against Defendant Waskiewicz for violation of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.  [Doc. 1-2]  Plaintiff concedes that the claims under the Fourth, Fifth, and Sixth Amendments should be dismissed.  [Doc. 15, p. 4]

The Court will dismiss these claims with prejudice.

### III.  § 1983 Claims Against Defendant Waskiewicz Under Count I

The remaining § 1983 claims against Defendant Waskiewicz under Count I assert violation of the Eighth and Fourteenth Amendments.  Defendants argue that Count I should be dismissed against Waskiewicz because:  (A) Waskiewicz in her official capacity is not a suable "person" under § 1983; (B) the FAC fails to state a claim against Waskiewicz in her individual capacity and she is entitled to qualified immunity.  [Doc. 14, p. 2]

#### A.  Legal standards

"The correct standard for reviewing a motion to dismiss in a qualified-immunity case is the same as for dismissals generally."  *Archuleta v. Wagner*, 523 F.3d 1278, 1281 (10th Cir. 2008).  The court assesses the legal sufficiency of the allegations contained within the four corners of the complaint.  *Id.*  Rule 8 requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  All well-pleaded facts must be accepted as true; these facts must be viewed in the light most favorable to the plaintiff, and all reasonable inferences must be allowed in favor of the plaintiff.  *Archuleta*, 523 F.3d at 1283.  These standards apply only to well-pleaded facts, however; legal

conclusions and conclusory allegations are not accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Archuleta*, 523 F.3d at 1283. The court also disregards a legal conclusion couched as a factual allegation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The complaint "does not need detailed factual allegations," but the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* The complaint must go beyond "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Conclusory assertions unsupported by factual allegations are not sufficient. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Iqbal*, 556 U.S. at 678 (stating that "'naked assertion[s]' devoid of 'further factual enhancement'" are not sufficient (quoting *Twombly*, 550 U.S. at 557)). The Tenth Circuit stated that the *Twombly* Court sought to "find a middle ground between 'heightened fact pleading,' which is expressly rejected," and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" which are insufficient. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570, 555).

The allegations of fact must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see id.* at 562-63 (rejecting the "no set of facts" standard in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Robbins*, 519 F.3d at 1247 (explaining that *Twombly* rejected "no set of facts" standard). Looking within the four corners of the complaint, the court determines whether there are "sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Archuleta*, 523 F.3d at 1281, 1283 (quoting *Twombly*, 550 U.S. at 556). The Tenth Circuit observed that "plausible" cannot mean "likely to be true," but "must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the

plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"  *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).  "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."  *Id.* Determining whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.  In addition to weeding out claims lacking a reasonable prospect of success, the requirement of plausibility serves to inform the defendant of the actual grounds of the claim.  *Robbins*, 519 F.3d at 1248.

Under § 1983, a plaintiff must establish:  "(1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a person (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia."  *Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002) (internal quotation marks omitted).  Causation "'is an essential element of a section 1983 cause of action.'"  *Bell v. Whetsel*, 1999 WL 59663, *1 (10th Cir. 1999) (unpublished) (quoting *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986)); *see Hayden v. Nevada Cnty.*, 664 F.3d 770, 773 (8th Cir. 2012) (quoting *Morton*, 793 F.2d at 187, for principle that causation is essential element).

"Qualified immunity is designed to shield public officials from liability and ensure 'that erroneous suits do not even go to trial.'"  *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) (quoting *Hinton v. City of Elwood*, 997 F.2d 774, 779 (10th Cir. 1993)).  In addition, qualified immunity is designed to prevent government officials from facing the other burdens of litigation.  *Iqbal*, 556 U.S. at 672.  The Supreme Court "has directed the lower federal courts to apply qualified immunity broadly, to protect from civil liability for damages all officers except

'the plainly incompetent or those who knowingly violate the law,'" so that officers "might not be unduly 'inhibit[ed] . . . in performing their official duties.'"  *Wilson v. City of Lafayette*, 510 Fed. Appx. 775, 780 (10th Cir. 2013) (unpublished) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986), and *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001)).  "The *Twombly* standard may have greater bite in [qualified immunity cases], appropriately reflecting the special interest in resolving the affirmative defense of qualified immunity 'at the earliest possible stage of a litigation.'"  *Robbins*, 519 F.3d at 1249 (quoting *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987)).

To survive a motion to dismiss based on a claim of qualified immunity, the plaintiff bears a "heavy two-part burden."  *Archuleta*, 523 F.3d at 1283.  "First, the plaintiff must demonstrate that the defendant's actions violated a constitutional or statutory right."  *Id.*  § 1983 creates no substantive rights, but "merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  The validity of a claimed constitutional violation is judged "by reference to the specific constitutional standard which governs that right."  *Id.* at 394.  The second part of the plaintiff's burden is to "show that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue."  *Archuleta*, 523 F.3d at 1283.  The "'contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'"  *Albright*, 51 F.3d at 1535 (quoting *Anderson*, 483 U.S. at 640).  A plaintiff can carry his burden of showing that a right is clearly established by citing Supreme Court or Tenth Circuit caselaw on point, or by demonstrating that the weight of authority from other circuits shows the right to be clearly established.  *Archuleta*, 523 F.3d at 1283; *Albright*, 51 F.3d at 1535.  If the plaintiff fails to carry

either part of this two-part burden, the defendant is entitled to qualified immunity.  *Archuleta*, 523 F.3d at 1283.  If the complaint fails to properly allege a violation of a constitutional or statutory right, the court need not reach the question of whether the law was "clearly established."  *Butler v. Rio Rancho Pub. Sch. Bd.*, 341 F.3d 1197, 1200 (10th Cir. 2003).

### B.  Official capacity claims against Waskiewicz

Count I attempts to assert a claim for monetary damages against Waskiewicz in her official capacity.   Failing to distinguish between official and individual capacity claims, Plaintiff's response argues that Waskiewicz is a "person" under § 1983, who was employed as a probation officer with NMCD.  [Doc. 15, p. 2]  Plaintiff admits that NMCD is "an agency of the State of New Mexico."  [Doc. 15, p. 2]

"Obviously, state officials literally are persons."  *Will*, 491 U.S. at 71.  But a suit against a state official in her official capacity is "not a suit against the official but rather is a suit against the official's office."  *Id.*   Official capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)); *see Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010).  An official capacity suit is "in all respects other than name, to be treated as a suit against the entity."  *Graham*, 473 U.S. at 166; *see Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Myers v. Okla. Cnty. Bd.*, 151 F.3d 1313, 1316 (10th Cir. 1998).  The same standards apply under § 1983 to claims against a government body for actions of its employees or officials, and official capacity claims against those employees or officials. *Porro*, 624 F.3d at 1328.

In accordance with these principles, a judgment against a person in her official capacity imposes liability on the governmental entity the person represents—not on the person.  *Graham*,

473 U.S. at 169; *Hinton*, 997 F.2d at 782.  A plaintiff "seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." *Graham*, 473 U.S. at 166.

For the same reason that the § 1983 claim for monetary damages against NMCD must be dismissed, the claim against Defendant Waskiewicz in her official capacity fails to state a claim. *See Will*, 491 U.S. at 71.  The Court will dismiss with prejudice the official capacity claim under Count I.

### C.  Individual capacity claims against Waskiewicz

Based on Plaintiff's concession that the claims under the Fourth, Fifth, and Sixth Amendments should be dismissed, the remaining Count I claims are under the Eighth and Fourteenth Amendments.  Defendants argue that Plaintiff failed to state a claim under the Eighth Amendment; Plaintiff's response opposed this argument.  The Court need not decide whether over-detention could violate the Eighth Amendment, the Fourteenth Amendment, or both; assuming arguendo that over-detention would violate both Amendments, the Court nevertheless will conclude that Plaintiff failed to state a claim and that the individual capacity claims against Waskiewicz should be dismissed.

Taking Plaintiff's response as indicating that Plaintiff received "*another sentence* of twenty years for his parole violation," Defendants argue in their reply that *Heck* bars Plaintiff's § 1983 claims because the FAC does not assert that the alleged twenty-year sentence has been invalidated.  [Doc. 14, p. 3; Doc. 16, pp. 3-4]  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding damages action not cognizable under § 1983 if it implicitly questions validity of conviction or duration of sentence, unless conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid, or called into question on habeas).  Defendants acknowledge the exception recognized by the Tenth Circuit in *Cohen*, but argue

Plaintiff lacked diligence in this case and cannot therefore avail himself of that exception. *Cohen v. Longshore*, 621 F.3d 1311, 1315 (recognizing circuit split, and holding that petitioner who has no available remedy in habeas, through no lack of diligence, is not barred by *Heck* from pursuing § 1983 claim); *see Muhammad v. Close*, 540 U.S. 749, 752 n.2 (2004) (per curiam) (suggesting *Heck* bar may not apply if habeas is unavailable to petitioner). Determination of the *Heck*/*Cohen* issue would require a clearer view of the facts than the FAC, viewed in the light most favorable to Plaintiff, provides; the Court lacks sufficient information regarding the modification or additional sentence imposed, Plaintiff's custodial status, Plaintiff's diligence, and other matters. The Court concludes, however, that it need not reach the *Heck*/*Cohen* issue; assuming arguendo that Plaintiff is not barred from pursuing this § 1983 action, the Court nevertheless will conclude that the FAC fails to state individual capacity claims against Waskiewicz.

Defendants argue that the FAC fails to state a claim against Waskiewicz and that she is entitled to qualified immunity. Defendants' motion to dismiss argues that the FAC does not allege that Waskiewicz was personally involved in the alleged over-detention or show a causal connection between Waskiewicz's conduct and any over-detention. [Doc. 14, pp. 9-11]

Plaintiff's response argues that Waskiewicz is a probation officer employed by NMCD and that she "permitted the longer term of incarceration to be imposed." [Doc. 15, pp. 2-3] Plaintiff's response sets forth only a conclusory assertion of causal connection: "But for Defendant Waskiewicz's willful, wanton or malicious acts or omissions and her deliberate indifference to the constitutional right of Plaintiff to freedom and liberty, Plaintiff would have served his thirty day sentence and been released once completing that sentence." [Doc. 15, p. 3] There are no factual allegations to show that Waskiewicz's conduct caused the alleged over-detention. Plaintiff merely makes a conclusory assertion, that is not entitled to any deference and

11

is not accepted as true on a motion to dismiss. *See Iqbal*, 556 U.S. at 678; *Archuleta*, 523 F.3d at 1283. A legal conclusion, unsupported by factual allegations, is not sufficient under Rule 8. *Hall*, 935 F.2d at 1110; *see Iqbal*, 556 U.S. at 678. Plaintiff failed to allege sufficient facts to "nudge[ ] [her] claims across the line from conceivable to plausible." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

In general, a person may only be held liable under § 1983 for her own acts, not the acts of third parties. *Robbins*, 519 F.3d at 1251. A claim of personal liability must be based on the defendant's personal involvement. *Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011) (stating that personal liability under § 1983 must be based on "personal involvement in the alleged constitutional violation" (internal quotation marks omitted)).

The FAC was required to assert that Waskiewicz's alleged conduct caused over-detention. *See Summum*, 297 F.3d at 1000. Causation is "an essential element" of a § 1983 cause of action. *Bell*, 1999 WL 59663, *1. The FAC was also required to include sufficient factual allegations to support the assertion of a causal connection. *See Swoboda v. Dubach*, 992 F.2d 286, 290 (10th Cir. 1993) (holding complaint failed to state a claim when it does not show how alleged conduct caused constitutional violation). The FAC merely asserts that Plaintiff was incarcerated past the date on which he should have been released and that Waskiewicz knew this and instructed an unnamed NMCD employee not to tell anyone. There are no factual allegations that Waskiewicz had responsibility, power, or authority over the length of Plaintiff's incarceration.

Even a pro se litigant has the burden of alleging sufficient facts to support a claim; although every fact need not be described in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim." *Hall*, 935 F.2d at 1110; *see*

*Kenney v. AG Equip. Co.*, 462 Fed. Appx. 841, 843 (10th Cir. 2012) (unpublished) (upholding dismissal with prejudice of pro se complaint making vague assertions without supporting factual allegations). The Court cannot act as Plaintiff's advocate, and "has no obligation to conjure up unpleaded allegations." *Kenney*, 462 Fed. Appx. at 843 (internal quotation marks omitted). The Court perceives no justification for Plaintiff to have omitted factual allegations to support a causal connection; despite two motions to dismiss, Plaintiff's response still suggests no factual support.

A complaint that alleges wrongful conduct by the defendant and a constitutional deprivation without "linking the bad behavior of the [defendant] to the alleged constitutional deprivations" fails to state a claim. *Zutz v. Nelson*, 601 F.3d 842, 851 (8th Cir. 2010). Because the FAC fails to show any connection between Waskiewicz's alleged conduct and the alleged over-detention, the FAC fails to state a claim of a constitutional violation. *See Swoboda*, 992 F.2d at 290.

In § 1983 cases, there is a "special interest in resolving the affirmative defense of qualified immunity 'at the earliest possible stage of a litigation.'" *Robbins*, 519 F.3d at 1249 (quoting *Anderson*, 483 U.S. at 646 n.6). In these cases, "it is particularly important … that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Id.* at 1249-50. The FAC, however, fails to show "how [Waskiewicz] might be individually liable for deprivations of [Plaintiff's] constitutional rights." *Id.* at 1250.

Nor does the FAC state a claim for supervisory liability. *See Brown*, 662 F.3d at 1163 (distinguishing personal and supervisory liability). To show supervisory liability, a plaintiff

13

must demonstrate:   "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."   *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010); *see Monell*, 436 U.S. at 691 (stating that § 1983 does not authorize liability under a theory of respondeat superior).   The FAC alleges that Waskiewicz told an unnamed NMCD employee that Plaintiff had received a recommendation for a thirty-day sentence, which was "somehow" modified to permanent revocation, and that Waskiewicz instructed that employee "not to tell anyone about the improper recommendation."   [Doc. 1-2, p. 3, ¶¶ 12-13]   The FAC fails to show any of the *Dodd* elements.   There is no allegation that Waskiewicz possessed or exercised supervisory authority, or that the unnamed employee caused over-detention.   *See Estate of Booker v. Gomez*, 745 F.3d 405, 435 (10th Cir. 2014) (requiring plaintiff to show 'affirmative link' between supervisor and constitutional violation.).   The Court again concludes that Waskiewicz is entitled to qualified immunity.   *See Dodd*, 614 F.3d at 1200 (stating that denial of qualified immunity requires plaintiff to show that defendant's individual actions caused constitutional deprivation, by showing that "each defendant took some act with the constitutionally applicable state of mind that caused the alleged constitutional violation").

Plaintiff had three opportunities to sufficiently support a § 1983 cause of action.   Plaintiff filed his original complaint in state court, was permitted to file an amended complaint in state court after a motion to dismiss, and filed a response to another motion to dismiss after removal to this Court.   [Doc. 1-3, pp. 1-4; Doc. 1-3, pp. 11-12; Doc. 1-2; Doc. 15]   In this Court, Defendants argued that the FAC failed to state a claim, and specifically argued that the FAC failed to show a causal connection between Waskiewicz's conduct and the alleged constitutional violation.   [Doc.

14, pp. 9-11]  But Plaintiff's response nevertheless failed to argue that the FAC sufficiently alleged that Waskiewicz's conduct caused an over-detention.

The Court concludes that the FAC pleads facts that are "'"merely consistent with"' Waskiewicz's individual capacity liability; the FAC "'"stops short of the line between possibility and plausibility of entitlement to relief."'"  *Brown*, 662 F.3d at 1163 (quoting *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)).  Because the FAC shows no more than "a sheer possibility" that Waskiewicz committed a constitutional violation, the FAC cannot survive the motion to dismiss.  *Twombly*, 550 U.S. at 557.

Waskiewicz is entitled to qualified immunity.  The Court need not reach the second part of the test, whether the right asserted was clearly established.  *See Butler*, 341 F.3d at 1200.  The Court will dismiss with prejudice the individual capacity claims against Waskiewicz under Count I.

## IV.  False Imprisonment Claim Against Defendant Waskiewicz

Count II asserts a claim of false imprisonment.  Although the FAC fails to cite the basis for this claim, it appears to be raised under the New Mexico Tort Claims Act.  NMSA 1978, §§ 41-4-1 to -30 (2010) ("NMTCA").  Plaintiff's response cites the NMTCA, arguing that Defendant Waskiewicz is a "law enforcement officer for purposes of the" NMTCA, and that Section 41-4-12 waives immunity for false imprisonment.  [Doc. 15, p. 5]

Section 41-4-4 of the NMTCA generally grants immunity from tort liability to a "governmental entity and any public employee while acting within the scope of duty."  The NMTCA waives this immunity under specified circumstances.  *See* §§ 41-4-5 to -12.  Section 41-4-12 waives immunity for certain conduct of law enforcement officers:

> The immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 does not apply to liability for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties.

The NMTCA waives immunity only for specified torts or violations committed by law enforcement officers. *Caillouette v. Hercules, Inc.*, 1992-NMCA-008, ¶¶ 15-21, 827 P.2d 1306, 1310-11.

Since the NMTCA waives immunity of a "law enforcement officer" from liability for false imprisonment, the next question is whether Defendant Waskiewicz is a "law enforcement officer" under the NMTCA.  Section 41-4-3 of the NMTCA provides the following definition:

> D.   "law enforcement officer" means a full-time salaried public employee of a governmental entity, or a certified part-time salaried police officer employed by a governmental entity, whose principal duties under law are to hold in custody any person accused of a criminal offense, to maintain public order or to make arrests for crimes, or members of the national guard when called to active duty by the governor;

As Defendants argue, the New Mexico State Court of Appeals has held that probation and parole officers and their supervisors are not "law enforcement officers" under the NMTCA.  [Doc. 14, p. 13]  *See Vigil v. Martinez*, 1992-NMCA-033, ¶ 20, 832 P.2d 405, 412.  That Court recently reaffirmed this holding, but the New Mexico Supreme Court has granted certiorari.  *Rayos v. N.M. Dep't of Corr.*, 2014-NMCA-103, ¶ 26, 336 P.3d 428, 436, *cert. granted*, 2014-NMCERT-10, 339 P.3d 426.  Based on the New Mexico Court of Appeals caselaw, the NMTCA does not waive immunity for Waskiewicz, a probation officer, and Count II should be dismissed.

Assuming arguendo that Waskiewicz is a "law enforcement officer" under the NMTCA, the Court concludes that the FAC nevertheless fails to state a claim for false imprisonment.  The Court will dismiss Count II under Rule 12(b)(6).

"The tort of false imprisonment occurs when a person intentionally confines or restrains another person without consent and with knowledge that he has no lawful authority to do so." *Santillo v. N.M. Dep't of Pub. Safety*, 2007-NMCA-159, ¶ 12, 173 P.3d 6, 10.  The *Santillo* Court cited with approval the discussion of this tort in the concurring opinion in *Diaz v. Lockheed Elecs.*, 1980-NMCA-140, ¶¶ 11-25, 618 P.2d 372, 375-76 (Sutin, J., specially concurring). Judge Sutin stated that the criminal statutory definition of false imprisonment governs in both civil and criminal actions.  *Id*. ¶ 14, 618 P.2d at 375-76.  The elements are:  "(1) defendants intentionally confined or restrained plaintiffs without their consent and (2) defendants knew that they had no lawful authority to do so."  *Id*. ¶ 14, 618 P.2d at 376; *see* UJI 14-401 NMRA (criminal uniform jury instruction stating same elements, plus occurrence in New Mexico and date).

The FAC alleges that Plaintiff "was willfully detained by Defendants," his "detention was without his consent," and his "detention was unlawful."  [Doc. 1-2, p. 4]  The FAC alleges that Waskiewicz told an unnamed NMCD employee "that she knew that [Plaintiff] had received a recommendation for a 30 day sentence for the May parole violation, but that it had somehow been modified to a permanent revocation," and that Waskiewicz "instructed the employee described in paragraph 10 not to tell anyone about the improper recommendation and to tell Plaintiff's family that nothing could be done."  [Doc. 1-2, p. 3, ¶¶ 12-13]  Assuming the truth of the FAC's well-pleaded allegations, and allowing all reasonable inferences in favor of Plaintiff,

Plaintiff fails to show that he is entitled to relief.  *See Robbins*, 519 F.3d at 1247.  The FAC—at best—alleges that Waskiewicz knew that Plaintiff's continued incarceration was unlawful.[4]

The assertion that Plaintiff's detention after August 6, 2010, was "unlawful" is a legal conclusion, not entitled to the presumption of truth, and not supported by factual allegations in the FAC.  *See Iqbal*, 556 U.S. at 678.  The FAC asserts that Plaintiff was sentenced to thirty days of incarceration and "that it had been somehow modified to a permanent revocation."  [Doc. 1-2, pp. 2-3, ¶¶ 10-12]  From the facts alleged, the Court cannot infer that the modification was unlawful, or that Plaintiff's release on February 24, 2011, shows that he should have been released earlier.

Assuming arguendo that the FAC adequately alleges unlawful incarceration, the FAC fails to sufficiently allege facts to show that Waskiewicz intentionally confined or restrained Plaintiff.  There are no factual allegations that Waskiewicz possessed or exercised any authority over Plaintiff's time of release.  There are no factual allegations that Waskiewicz's statements to an unnamed NMCD employee caused Plaintiff's continued imprisonment after August 6, 2010; there are no factual allegations that this employee possessed or exercised any authority over Plaintiff's time of release.  Without any allegations that Waskiewicz's acts or conduct caused the continued incarceration, Plaintiff fails to state a claim for false imprisonment.  Assuming the well-pleaded allegations to be true, Plaintiff failed to show that he "plausibly (not just speculatively) has a claim for relief."  *Robbins*, 519 F.3d at 1247.  Plaintiff has "'not nudged [his] claims across the line from conceivable to plausible.'"  *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

---

[4] Even this conclusion may be unduly generous, however.  The FAC does not clearly allege that Waskiewicz knew that the "modification" to permanent revocation was improper; the FAC instead asserts that Waskiewicz knew that the "recommendation" was improper—and the term "recommendation" in Paragraph 12 refers to a thirty-day sentence, not a recommendation for permanent revocation.

Taking as true the FAC's well-pleaded factual allegations and allowing all reasonable inferences, Plaintiff fails to show any causal connection between Waskiewicz's conduct and Plaintiff's continued incarceration.  Assuming arguendo that Plaintiff suffered an over-detention, the FAC still fails to state a claim for false imprisonment.  The Court will dismiss Count II with prejudice.

## CONCLUSION

The Court concludes that all claims, under Counts I and II, against both Defendants, should be dismissed, as discussed above.

**IT IS THEREFORE ORDERED** that the First Amended Complaint is **DISMISSED WITH PREJUDICE**.


_____
UNITED STATES DISTRICT JUDGE